UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED
2011 FEB -7 PM 1: 42
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and JOE HOUSTON, Individually,

Plaintiffs,

vs.

ORLTEL, LLC, a Delaware Limited Liability Company,

Defendant.

Case No. 6:11-cv-190-ORL-28 KRS

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and JOE HOUSTON, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, ORLTEL, LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, ACCESS 4 ALL, INC., is a non profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

2. Defendant's property, Orlando Continental Plaza Hotel, is located at 6825 Visitor's Circle, Orlando, FL 32819, in the County of Orange.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within

this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Joe Houston is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Joe Houston has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

6. Plaintiff ACCESS 4 ALL, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated

against because of its association with its disabled members and their claims.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Orlando Continental Plaza Hotel, and is located at 6825 Visitor's Circle, Orlando, FL 32819.

8. ACCESS 4 ALL, INC. and Joe Houston have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Joe Houston desires to visit Orlando Continental Plaza Hotel not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less). A preliminary inspection of Orlando Continental Plaza Hotel has shown that violations exist. These violations include, but are not limited to:

## Parking

A. There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

B. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG.

C. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

## Entrance Access and Path of Travel

D. There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.

E. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG.

F. There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG.

G. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

H. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

## Access to Goods and Services

I. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

J. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

K. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

L.   There are recreational areas for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

### Restrooms

M.   The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

N.   There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

O.   The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

P.   The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG.

Q.   The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG.

R.   The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG.

S.   There are showers provided at the facility without elements to facilitate use by the disabled in violation of several section of the ADAAG.

### Accessible Guest Rooms

T.   There are rooms for public lodging at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

U.   The rooms designated as accessible are not equipped with accessible door hardware violating Sections 4.13.9 and 9 of the ADAAG.

V.   There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG.

W.   The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG.

X.   The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG.

Y. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

Z. The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

AA. The rooms designated for disabled use do not provide a compliant roll-in shower for use by the disabled, violating Section 9 of the ADAAG.

BB. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG.

CC. The mirrors and dispensers provided in the restroom provided in the room designated as accessible are in violation of the requirements in Section 4.19 and 4.27 of the ADAAG

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993,

as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Orlando Continental Plaza Hotel to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no

      individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Date: 2/2/2011

Lawrence A. Fuller, Esquire **(Trial Counsel)**
FBN 180470
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Counsel for Plaintiffs Access 4 All, Inc.
and Joe Houston

#4156-Oriel LLC Complaint Pkg (cme 11-9-10).wpd